FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 19, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BENJAMIN S.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:19-CV-03162-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 20. Attorney D. James Tree represents Benjamin S. (Plaintiff); Special Assistant United States Attorney Martha A. Boden represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES** Defendant's Motion for Summary Judgment; **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## JURISDICTION

Plaintiff protectively filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on March 29, 2016, Tr. 17, alleging disability since February 25, 2014, Tr. 204, 217, due to post-traumatic

ORDER GRANTING PLAINTIFF'S MOTION - 1

stress disorder, attention deficit disorder, major depressive disorder, anxiety, paranoia, and suicidal ideation, Tr. 242. The applications were denied initially and upon reconsideration. Tr. 131-39. Administrative Law Judge (ALJ) Sue Leise held a hearing on April 19, 2018 and heard testimony from Plaintiff and vocational expert Patricia Ayerza. Tr. 37-72. The ALJ issued an unfavorable decision on July 30, 2018 finding that Plaintiff was not disabled from February 25, 2014 through the date of the decision. Tr. 17-30. The Appeals Council denied review on May 15, 2019. Tr. 1-5. The ALJ's July 30, 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 17, 2019. ECF No. 1.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 23 years old as of February 25, 2014, the alleged date of onset. Tr. 204. Plaintiff completed the twelfth grade in 2009. Tr. 243. His reported work history includes jobs in customer service/cashiering, as an infantryman in the Marine Corps, and in general labor. Tr. 243. When applying for benefits Plaintiff reported that he stopped working on November 24, 2014 because of his conditions. Tr. 242.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v.*

1  *Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as
2  being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put
3  another way, substantial evidence is such relevant evidence as a reasonable mind
4  might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S.
5  389, 401 (1971).  If the evidence is susceptible to more than one rational
6  interpretation, the court may not substitute its judgment for that of the ALJ.
7  *Tackett*, 180 F.3d at 1097.  If substantial evidence supports the administrative
8  findings, or if conflicting evidence supports a finding of either disability or non-
9  disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d
10 1226, 1229-30 (9th Cir. 1987).  Nevertheless, a decision supported by substantial
11 evidence will be set aside if the proper legal standards were not applied in
12 weighing the evidence and making the decision.  *Brawner v. Secretary of Health*
13 *and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

15      The Commissioner has established a five-step sequential evaluation process
16 for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a),
17 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one
18 through four, the burden of proof rests upon the claimant to establish a prima facie
19 case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-99.  This
20 burden is met once the claimant establishes that physical or mental impairments
21 prevent him from engaging in his previous occupations.  20 C.F.R. §§
22 404.1520(a)(4), 416.920(a)(4).  If the claimant cannot do his past relevant work,
23 the ALJ proceeds to step five, and the burden shifts to the Commissioner to show
24 (1) the claimant can make an adjustment to other work, and (2) the claimant can
25 perform specific jobs that exist in the national economy.  *Batson v. Comm'r of Soc.*
26 *Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004).  If the claimant cannot make
27 an adjustment to other work in the national economy, he is found "disabled."  20
28 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On July 30, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from February 25, 2014 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 25, 2014. Tr. 19.

At step two, the ALJ determined that Plaintiff had the following severe impairments: depression and anxiety. Tr. 20.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20.

At step four, the ALJ assessed Plaintiff's residual functional capacity and determined that he could perform work at all exertional levels with the following nonexertional limitations:

> He can perform routine and repetitive tasks (for example, tasks learned within a period of 30 days, consistent with occupations with an Specific Vocational Preparation ("SVP") of one or two). He should work in a work environment that is free of fast-paced production rate requirements, in other words, no assembly line type of work and no conveyor belt work with the product. He is limited to making simple, work-related decisions. There should be few if any workplace changes. He should not perform work that requires any interaction with the general public. He can have occasional, superficial interaction with coworkers. In other words, he could have just brief short greetings, conversations, but no teamwork and no jobs that require any sort of in depth discussions to complete the tasks assigned. He would be able to respond appropriately to supervisors.

Tr. 21-22. The ALJ identified Plaintiff's past relevant work as an infantry marine, a gas station attendant, and a landscaping/groundskeeper and found that he could not perform this past relevant work. Tr. 28.

At step five, the ALJ determined that, considering Plaintiff's age, education,

work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of laundry worker, janitor, and warehouse worker.  Tr. 29.  The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from February 25, 2014 through the date of the decision.  Tr. 29.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical opinions in the record, (2) failing to properly weigh Plaintiff's symptom statements, and (3) failing to properly weigh the statements from Plaintiff's parents.

## DISCUSSION

### 1. Medical Opinions

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions from N.K. Marks, Ph.D.  ECF No. 13 at 16-18.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician.  *Id.*

On February 18, 2016, Dr. Marks completed a psychological examination of Plaintiff and diagnosed him with social anxiety disorder, major depressive

disorder, and unspecified trauma and stress related disorder.  Tr. 443.  She opined that Plaintiff had a severe limitation in six basic work activities, a marked limitation in one basic work activity, and a moderate limitation in five basic work activities.  Tr. 444.  She found that Plaintiff would be impaired for twelve months with available treatment.  *Id*.  The ALJ gave the opinion little weight for four reasons: (1) The opinion was based on Plaintiff's self-report and his clinical presentation at the time of the interview; (2) The opinion was not supported in the record; (3) The opinion was inconsistent with Plaintiff's presentation at the hearing; and (4) The opinion was inconsistent with Plaintiff's ability to perform his most recent work as a security officer and live independently.  Tr. 27.

        The ALJ's first reason for rejecting the opinion, that it was based on Plaintiff's self-reports and clinical presentation at the time of the interview, is not specific and legitimate.  A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  But the ALJ must provide the basis for her conclusion that the opinion was based more heavily on a claimant's self-reports.  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).  Here, the ALJ found that the opinion was based on Plaintiff's self-reports and presentation during the clinical interview.  Tr. 26.  This conclusion was premised on the following disclaimer included on Dr. Marks' evaluation form:

> This evaluation was conducted to determine qualification for the Washington State HEN, TANF, or ABD programs.  While every effort is made to insure [sic] accuracy, it is based on client self-report and clinical presentation at the time of the interview.  Other records may or may not have been available for review.  As a result, there is always the chance that factors such as criminal history of substance abuse may have been underreported.  The reader is advised that client presentation may differ from situation to situation and the most accurate diagnostics are based on several observations over time and in multiple settings.  As such, other sources of information in addition to this report should

ORDER GRANTING PLAINTIFF'S MOTION - 6

>be considered, when available, to give the most accurate clinical picture of and prognosis for the individual.

Tr. 441.  While there is no statement by Dr. Marks that she reviewed extensive medical records, it is evident that she reviewed a Social Service Intake completed on January 28, 2016 and completed a clinical interview including a mental status exam.  Tr. 441-46.  The Ninth Circuit has held that "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion."  *Ghanim*, 763 F.3d at 1162.  While the ALJ is accurate that Dr. Marks completed her opinion based on Plaintiff's self-reports, there is no evidence that she based the opinion *more heavily* on Plaintiff's self-report over her clinical observations.  Therefore, the disclaimer on Dr. Marks' evaluation form is not an evidentiary basis for rejecting the opinion and does not meet the specific and legitimate standard.

      The ALJ's second reason for rejecting the opinion, that it was not supported in the record, is not specific and legitimate.  Inconsistency with the majority of objective evidence is a specific and legitimate reason for rejecting physician's opinions.  *Batson*, 359 F.3d at 1196; *see also Lester*, 81 F.3d at 831 (The ALJ may give weight to consulting opinions "only insofar as they are supported by evidence in the case record.").  The ALJ acknowledged that Dr. Marks' opinion was consistent with her evaluation, but it was inconsistent with the record: "For example, treatment notes do not show a pattern of missed appointments or arriving late to appointments.  Treatment notes also generally show the claimant was calm, pleasant, and cooperative."  Tr. 27.  However, the ALJ failed to recognize that while Plaintiff did not struggle to attend medical appointments, he did struggle to attend work-related activities, such as interviews and scheduled work.  Tr. 422 ("He finds it difficult to work now due to severe anxiety"); Tr. 450 (Plaintiff was unable to return to a job cite after being hired); Tr. 548 (Plaintiff drove to the McDonald's parking lot for his job interview, but anxiety symptoms prevented him

ORDER GRANTING PLAINTIFF'S MOTION - 7

Case 1:19-cv-03162-JTR   ECF No. 22   filed 08/19/20   PageID.1660   Page 8 of 12

from leaving the car.); Tr. 817 (Plaintiff left his job at a hotel because he started crying while checking a person out and reported directly to the counseling office); Tr. 1287 (Plaintiff had to leave work early due to a panic attack); Tr. 1402 (Plaintiff quit a job after he felt the owner was disrespectful). This supports Dr. Marks' opinion that Plaintiff had a severe limitation in the abilities to maintain appropriate behavior in a work setting and to complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 444. Since Dr. Marks' opinion speaks to Plaintiff's ability to perform work and not to attend appointments, the ALJ's determination is not supported by substantial evidence.

Defendant points to several examples in the record showing that Plaintiff presented as appropriately dressed and groomed, he was alert, oriented, and cooperative, he had a stable mood, he had no impairment of memory, attention or intellectual functioning. ECF No. 20 at 10. However, the ALJ specifically found that "treatment notes do not show a pattern of missed appointments or arriving late to appointments. Treatment notes also generally show the claimant was calm, pleasant, and cooperative." Tr. 27. The ALJ did not cite to any of the records Defendant relies upon in his argument. *Id.* Therefore, Defendant's citations to the record can be seen as a *post hoc* rationalization, which cannot be considered by this Court. *See Orn*, 495 F.3d at 630 (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). Furthermore, as discussed above, the evidence as a whole shows that when Plaintiff encountered the rigors of the workplace, he struggled differently than when he encountered a provider in a diagnostic or treatment setting. Since Dr. Marks' opinion speaks to Plaintiff's ability in the workplace, the ALJ's second reason falls short of the specific and legitimate standard.

The ALJ's third reason for rejecting the opinion, that it was inconsistent with

ORDER GRANTING PLAINTIFF'S MOTION - 8

Plaintiff's presentation at the hearing, is not specific and legitimate.  In 1985, the Ninth Circuit found that an ALJ's reliance on her personal observations of a claimant at the hearing had "been condemned as 'sit and squirm' jurisprudence." *Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985) (citing *Freeman v. Schweiker,* 681 F.2d 727, 731 (11th Cir. 1982)).  In *Freeman*, the Eleventh Circuit explained the following: "In this approach, an ALJ who is not a medical expert will subjectively arrive at an index of traits which he expects the claimant to manifest at the hearing.  If the claimant falls short of the index, the claim is denied." *Freeman*, 681 F.2d at 731.  This "will not only result in unreliable conclusions when observing claimants with honest intentions, but may encourage claimants to manufacture convincing observable manifestations." *Id*.  Therefore, the ALJ's assumption that Dr. Marks' opinion could not be supported if Plaintiff was "intelligent, articulate, calm, and cooperative" at the hearing mimics the unreliable conclusion the Eleventh Circuit was seeking to discourage by its holding in *Freeman*.

      The ALJ's fourth reason for rejecting the opinion, that it was inconsistent with Plaintiff's ability to perform his most recent work as a security officer, is not specific and legitimate.  A claimant's testimony about his daily activities may be seen as inconsistent with the presence of a disabling condition *See Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990).  Here, Plaintiff testified that he worked as a security guard at the Dalles Train Yard for two to three months and the job ended because his car broke down and he had no transportation.  Tr. 47.  He also stated that job was "all right I would say.  I would have my anxiety when I'd talk to my boss in the morning because she would complain, but you know, that's just with every job, yeah." *Id*.  This job was part-time, consisting of two twelve-hour shifts a week.  Tr. 57.  The ALJ failed to identify what portions of Dr. Marks' opinion were "dramatically" inconsistent with specific abilities associated with working a part-time position for less than three months.  Tr. 27.  Therefore,

this reason falls short of the specific portion of the specific and legitimate standard.

The ALJ failed to provide a legally sufficient reason for rejecting Dr. Marks' opinion. Therefore, the case is remanded for additional proceedings to properly address the opinion.

**2.     Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable. ECF No. 13 at 12-16.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 23. The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. See 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to properly evaluate to opinion of Dr. Marks, the ALJ will also readdress Plaintiff's symptom statements on remand.

**3.     Lay Witnesses**

Plaintiff challenges the weight the ALJ assigned to the evidence presented by Plaintiff's parents. ECF No. 13 at 18-21.

Lay witness testimony is "competent evidence" as to "how an impairment

ORDER GRANTING PLAINTIFF'S MOTION - 10

affects [a claimant's] ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050 (9th Cir. 2006); 20 C.F.R. § 416.913(d)(4); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). An ALJ must give "germane" reasons to discount evidence from "other sources," such as family members. *Dodrill*, 12 F.3d at 919.

Plaintiff's father completed a Third-Party Function Report in May of 2016, Tr. 298-307, and his mother and father completed a Third-Party Function Report in February of 2018, Tr. 362-76. The ALJ gave the statements on these forms "little weight" for three reasons: (1) "these statements conflict with the claimant's testimony that he was successful in performing his last job as a security officer"; (2) "The statements were also inconsistent with the claimant's ability to live alone, independently, and manage his activities of daily living and medical care"; and (3) "treatment records show the claimant's provider Rebecca Nelson, ARNP, noted that it was very stressful for the claimant to live with his parents." Tr. 26. Since this case is being remanded for the ALJ to further address the opinion of Dr. Marks, the ALJ will also readdress these statements upon remand.

## REMEDY

Plaintiff asks the Court to remand this case for an immediate award of benefits. ECF Nos. 13 at 21.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Under the credit-as-true rule the Court remands for an award of benefits when (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on

remand. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Remand is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

    This case is remanded for additional proceedings because it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. The ALJ will reevaluate the opinion from Dr. Marks, address Plaintiff's symptom statements, and address the statements submitted by Plaintiff's parents. Additionally, the ALJ will supplement the record with any outstanding medical evidence pertaining to the period in question and take testimony from a psychological expert and a vocational expert.

## CONCLUSION

    Accordingly, **IT IS ORDERED:**

    1.    Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

    2.    Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, in part,** and the matter is **REMANDED** for additional proceedings consistent with this order.

    3.    Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

    DATED August 19, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION - 12